UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARTIN LAUBER,

                                    Plaintiff,

                                                            Case #16-CV-489-FPG
v.                                                          Case #18-CV-258-FPG

CECILIA O. HUDSON and DANNY WAYNE                           DECISION AND ORDER
HUDSON,

                                    Defendants.

## INTRODUCTION

On June 15, 2016, Defendants Cecilia O. Hudson and Danny Wayne Hudson removed this

case from the Supreme Court of the State of New York, County of Erie, under this Court's diversity

jurisdiction pursuant to 28 U.S.C. § 1332(a). *See* 16-CV-489, ECF No. 1. Sixteen months passed

with no activity, except a change of address by defense counsel. On October 24, 2017, the Court

ordered Defendants to show cause why the case should not be remanded to state court for lack of

subject matter jurisdiction for failing to satisfy the amount in controversy by November 14, 2017.

16-CV-489, ECF No. 5. On November 21, 2017, the Court remanded the case to state court after

Defendants failed to reply to the Court's Order to Show Cause. 16-CV-489, ECF No. 6.

On January 3, 2018, nearly nineteen months after the case was originally filed, Defendants

filed a declaration requesting the Court to reconsider its decision to remand the case to state court.

16-CV-489, ECF No. 8. Defendants stated that they "inadvertently did not receive notice of the

Court's Order to Show Cause . . . because of an address error which has been corrected."[1] *Id.* at

1. Defendants provide no further explanation for their inactivity. Defendants also filed Plaintiff's

answers to Defendants' first set of interrogatories as a response to the Court's Order to Show Cause

---

[1] Upon its own investigation, the Court determined that defense counsel had originally listed his e-mail address on
CM/ECF as "gweinstock@vbpplaw.com," when the correct e-mail address is "g.weinstock@vbpplaw.com."

to show the amount in controversy is satisfied.  16-CV-489, ECF No. 8-1.  Defendants provide no

further argument or legal authority to support their position.  *See* 16-CV-489, ECF No. 8.

On February 16, 2018, before the Court rendered a decision on Defendants' motion for

reconsideration, Defendants again removed this case from the Supreme Court of the State of New

York, County of Erie.  18-CV-258, ECF No. 1.

For the reasons that follow, Defendants' Motion for Reconsideration is DENIED, and Case

#18-CV-258 must be REMANDED to the Supreme Court of the State of New York, County of

Erie, for lack of subject matter jurisdiction.

**DISCUSSION**

**I.      Motion for Reconsideration**

In their declaration, Defendants ask the Court to reconsider its decision to remand this case

to state court.  The declaration, however, contains no legal authority to support Defendants'

request.  Based on the nature of their request, the Court interprets Defendants' declaration as a

Motion for Reconsideration under Federal Rule of Civil Procedure 60(b)(1).

Rule 60(b)(1) "permits a court to vacate a judgment on the grounds of 'excusable neglect.'"

*State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 177 (2d Cir. 2004).

Factors a court considers "in evaluating excusable neglect include [1] the danger of prejudice to

the non-movant, [2] the length of the delay and its potential impact on judicial proceedings, [3] the

reason for the delay, including whether it was within the reasonable control of the movant, and [4]

whether the movant acted in good faith."  *NEM Re Receivables, LLC v. Fortress Re, Inc.*, 187 F.

Supp. 3d 390, 400 (S.D.N.Y. 2016) (quoting *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355,

366 (2d Cir. 2003)) (quotation marks and brackets omitted).  The Second Circuit has focused on

the third factor.  *Id.* (quoting *Silivanch*, 333 F.3d at 366).

A court may also consider whether the movant acted with diligence. *State Street*, 374 F.3d at 177. Generally, failure to act with diligence will not constitute excusable neglect. *Id.* A movant fails to act with diligence where he allows "lengthy periods of time to pass without periodic review" of the Court's docket. *See In Re DeMarco*, 733 F.3d 457, 463 (2d Cir. 2013). Indeed, the counsel of record "bears the primary responsibility for staying current with the status of his or her cases." *Id.*

Here, Defendants have failed to establish excusable neglect. While the first, second, and fourth factors outlined above weigh in Defendants' favor, the third factor—the focus of the Second Circuit—does not. Defendants contend that they "inadvertently" missed the Court's Order to Show Cause and decision "because of an address error." ECF No. 8 at 1. The Court does not believe the Defendants acted in bad faith, but Defendant's neglect was neither inadvertent nor a satisfactory reason for the delay. Moreover, defense counsel had full control to correctly enter his email address into CM/ECF and ensure it was correct.

Additionally, defense counsel failed to act with diligence. As mentioned above, Defendants failed to take any action in the case for nineteen months. Considering the length of time, failure to move the case forward, and failure to respond to filings, the Court concludes that defense counsel let "lengthy periods of time to pass without periodic review" of the Court's docket. *See In Re DeMarco*, 733 F.3d at 463.

Finally, Defendants provide little explanation for their neglect. The Court was left to verify whether defense counsel's e-mail address was initially incorrect. Beyond the explanation contained in its declaration, Defendants provide no reason for their inattention. Given Defendants reluctance to attend to this case or provide more than a bare explanation for their inaction, the Court concludes that Defendants have failed to establish excusable neglect and the Court declines to reconsider its decision.

## II.    Subject Matter Jurisdiction

Even if the Court reconsidered its decision to remand the case to state court, Defendants have failed to establish subject matter jurisdiction as to the required amount in controversy.

When evaluating whether a defendant has established subject matter jurisdiction, the Court must first look to the pleadings and the petition for removal to determine if the plaintiff has made a sufficient demand for relief. *See Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010). If so, the Court must view plaintiff's demand as one taken in good faith unless it appears to a "legal certainty" that the claim is less than $75,000. *Kimm v. KCC Trading, Inc.*, 449 F. App'x 85, 85 (2d Cir. 2012) (citing *Wolde–Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999)). Additionally, the Second Circuit recognizes "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 116 (2d Cir. 2002) (citing *Wolde–Meskel*, 166 F.3d at 63).

If neither the pleadings nor the petition for removal contain a demand for relief, the Court may look outside the pleadings, *Yong Qin Luo*, 625 F.3d at 775, to determine whether the amount in controversy exceeds $75,000 to a "reasonable probability," *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000).

Plaintiff's Complaint does not include a demand for relief, which is required under N.Y. C.P.L.R § 3017(c). Also, Defendants failed to "request a supplemental demand setting forth the total damages to which the [plaintiff] deems himself entitled." N.Y. C.P.L.R § 3017(c). Consequently, the Court may look at the materials Defendants submitted to determine whether the amount in controversy is satisfied to a "reasonable probability."

The Court finds it is not. Defendants provide two relevant sets of information to the Court through Plaintiff's response to Defendants' first set of interrogatories. First, Plaintiff describes in detail the extent of his injuries and the various procedures he underwent while he was treated for

4

his injuries. ECF No. 8-1 at 10. Plaintiffs injuries include, among others, complete collapse of the right foot arch, posterior tibial tendon rupture, knee pain, hip pain, and back pain. *Id.* The procedures include CT Scans, X-Rays, MRIs, multiple surgeries, physical therapy, acupuncture, and home exercise programs and treatment. *Id.* Over the course of his care, Plaintiff was treated by various facilities and care providers, totaling a minimum of $4,661.05, with more totals to be provided by Plaintiff. *Id.* at 14.

Second, Plaintiff has been paying an individual $320 per week since September 23, 2016 to assist him with his employment. Calculated through February 17, 2018, Plaintiff has paid the individual for 73 weeks, totaling $23,360.

The information provided is insufficient to show that the amount in controversy is satisfied to a reasonable probability for two reasons. First, Plaintiff's medical expenses and employment assistance costs total $28,021.05, well short of the amount in controversy.

Second, Plaintiff notes that a claim for medical expenses "will be limited to any out-of-pocket expenses which were not paid by insurance or otherwise reimbursed." ECF No. 8-1 at 14. Neither Plaintiff nor Defendants provide any further information to determine what costs were paid out-of-pocket by Plaintiff and not reimbursed. Consequently, the Court cannot conclude what claim, if any, Plaintiff will make for medical expenses. Given the information before the Court and Defendants' burden to satisfy the amount in controversy to a "reasonable probability," the Court finds that it does not have subject matter jurisdiction over this case.

**CONCLUSION**

Accordingly, Defendants' Motion for Reconsideration, 16-CV-489, ECF No. 8, is DENIED, and Case #18-CV-258 must be REMANDED to the Supreme Court of the State of New York, County of Erie, for lack of subject matter jurisdiction. The Clerk of Court is directed to close Case # 18-CV-258, and transmit this Decision and Order to the Clerk of the Supreme Court of the State of New York, County of Erie.

IT IS SO ORDERED.

Dated: February 25, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court